**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GREGORIO ULISES SANTOS TEJADA,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–14250–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Gregorio Ulises Santos Tejada's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition). (ECF No. 1.)

1. Petitioner is a citizen of El Salvador. (*Id.* ¶ 1.)

2. On September 15, 2005, petitioner was ordered removed *in absentia*. (*Id.* ¶ 22.)

3. Immigration and Customs Enforcement (ICE) detained petitioner on September 8, 2026. (*Id.* ¶ 21.)

4. Petitioner filed his first habeas corpus petition on September 16, 2026. *Santos Tejada v. Soto*, No. 26–cv–12256 (D.N.J.) (First Petition).

5. I denied the First Petition without prejudice after concluding that petitioner had "not provided good reason to believe that his removal is not reasonably foreseeable." (First Petition, ECF No. 6 ¶ 16.) The denial was "limited to the facts alleged in the [First] Petition and … express[ed] no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future." (*Id.* n. 1.)

6. Petitioner filed the Second Petition on November 2, 2026 and asserted that his removal was not reasonably foreseeable because he filed a motion to reopen his removal proceedings before the Harlingen, Texas immigration court. (ECF No. 1 ¶ 31.)

7. Respondents filed an answer on November 12, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a) because he is subject to a final order of removal. (ECF No. 9 p. 1.)

8. Under 28 U.S.C. §2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner filed a motion to reopen his removal proceedings on or about October 29, 2026. (ECF No. 9 p. 1.) A noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal … shall remain subject to the provisions of [this regulation interpreting §1231] unless the motion to reopen is granted." 8 C.F.R. §241.4(b)(1). Since there is no indication that the motion to reopen has been granted, petitioner's detention is governed by §1231.

11. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. §1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

12. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

13. "Petitioner's removal order became administratively final on October 17, 2005. The removal period expired 90 days later on January 15, 2006. Accordingly, petitioner's detention is no longer mandatory pursuant to §1231." (First Petition, ECF No. 6 ¶11.)

14. After the mandatory detention period, §1231 authorizes detention of a noncitizen subject to a final order of removal "for a period *reasonably*

*necessary* to secure the [noncitizen's] removal." *Zadvydas*, 533 U.S. at 682 (emphasis in original). The presumptively permissible timeframe for post-removal-period detention is six months, and "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).

15. "Although the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

16. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

17. Petitioner has filed a motion to reopen his immigration proceedings. (ECF No. 9 p. 1.) "The filing of the motion to reopen … shall stay the removal of the [noncitizen] pending disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C). As petitioner's removal is presently statutorily stayed, I conclude that petitioner has provided good reason to believe that his removal is not reasonably foreseeable.

18. According to the most recent data available on the Executive Office for Immigration Review's website, the Board of Immigration Appeals had 4,600 pending "MTRs"—motions to reopen, motions for reconsideration, and motions to recalendar—as of July 24, 2026.[1] Workload and Adjudication Statistics, available at https://perma.cc/A685-BZ4M (last visited Nov. 16, 2026).

[1] The website was updated on October 20, 2026, but the Workload and Adjudication Statistics file has data through July 24, 2026.

19. This number has likely increased since July 24, 2026.

20. Noncitizens subject to final removal orders may be released on reasonable conditions of supervision. 8 U.S.C. §1231(a)(3).

21. Therefore, I will grant the Second Petition and order that petitioner be released on reasonable conditions of supervision as ICE is authorized by law to impose.

Accordingly,

**IT IS** on this **18th** day of **November 2026** **ORDERED** that:

1. The Second Petition at ECF No. 1 is **GRANTED**.

2. Within **48 hours** of this Order, Respondents shall **RELEASE** petitioner.

3. Respondents may impose reasonable conditions of supervision as authorized by law, 8 U.S.C. §1231(a)(3).

4. Upon release, any restrictions imposed by this Court on petitioner's location are **LIFTED**.

5. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**